IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, RECEIVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-03635-N |
| | § | |
| DANIEL BOGAR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses the following motions: (1) Plaintiff Ralph S. Janvey's (the "Receiver") motion for leave to file Second Amended Complaint [30]; (2) Defendant Osvaldo Pi's motion for leave to file counterclaim [36]; and (3) Pi's motion for leave to file designation of responsible third parties [37].  The Court grants the Receiver's motion for leave to file Second Amended Complaint, denies Pi's motion for leave to file counterclaim, and grants Pi's motion for leave to file designation of responsible third parties.

The Court grants the Receiver's motion for leave to file his Second Amendment Complaint.[1]  The Receiver shall file his Second Amended Complaint, in the form attached to his motion as Exhibit A, App. Supp. Mot. 2–39 [31-1], within seven (7) days of the date this Order is signed.

---

[1] The Court denies Pi's motion to dismiss [17] because, as Pi acknowledges, *see* Def.'s Resp. 3 [34], the Receiver's Second Amended Complaint moots the motion.

The Court denies Pi's motion for leave to file a counterclaim against the Receiver. As court-appointed receiver in the Stanford litigation, the Receiver qualifies for derivative judicial immunity from suit on Pi's counterclaims. *See, e.g.*, *Davis v. Bayless*, 70 F.3d 367, 373–74 (5th Cir. 1995) ("Court appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and within the scope of the authority granted to the receiver." (collecting cases)). Moreover, the Court's order appointing the Receiver, *see* Second Am. Order Appointing Receiver [1130] (the "Receivership Order"), *in SEC v. Stanford Int'l Bank Ltd.*, Civil Action No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), enjoined actions against the Receiver and against former Stanford employees, to the extent those claims would burden the Receivership's assets. *Id.* ¶ 10. The Court has previously dismissed parties' counterclaims against the Receiver, finding they are appropriately asserted through the Receivership's claims process. *See, e.g.*, June 5, 2014 Report & Recommendation [50], *in Janvey v. Wieselberg*, Civil Action No. 3:10-CV-1394-N (N.D. Tex. filed July 16, 2010). Additionally, the proposed counterclaims arise from an executory contract that was within the Receiver's power to reject. Accordingly, the Court denies Pi's motion for leave to file a counterclaim.

The Court grants Pi's motion for leave to file designation of responsible third parties. The Court finds that Pi pleads sufficient factual allegations against these third parties to support their designation. *See* Tex. Civ. Prac. & Rem. Code. Ann. § 33.004. Accordingly, the Court designates as responsible third parties: R. Allen Stanford, James M. Davis, Laura

Pendergest-Holt, Kenneth C. Allen, Alfredo Arizaga, Luis Giusti, Mauriciou Salgar, Peter Romero, Jorge Castaneda, Lee Brown, Courtney N. Blackman, Juan Alberto "A.J." Rincon, Pablo "Mauricio" Alvarado, Henry Amadio, Jay Comeaux, Daniel Bogar, Anthony D'Aniello, Gordon Edwards, Kenny Byron, Luis Garcia, Jason Green, Suzanne Hamm, Rebecca Hamric, Gilberto "Gil" Lopez, Mark Kuhrt, Patricia Maldonado, David Nanes, Nelson Ramirez, Glen Rigby, Jack Staley, Linda Wingfield, Robert Winter, Bernie Young, Adams & Reese, LLP, Proskauer Rose, LLP, Chadbourne & Park, LLP, Greenberg Traurig, LLP, and Hunton & Williams, LLP.

Signed November 10, 2015.

_____
David C. Godbey
United States District Judge