IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, RECEIVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-03635-N |
| | § | |
| DANIEL BOGAR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendant Osvaldo Pi's motion to dismiss [52] and motion for reconsideration, or in the alternative, to certify for interlocutory appeal [48]. Because Plaintiff Ralph S. Janvey (the "Receiver") adequately states a claim for breach of fiduciary duty, and because reconsideration of the Court's prior order is unwarranted and interlocutory appeal is unjustified, the Court denies both motions.

### I. THE ORIGIN OF THE DISPUTE

This action arises out of the Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under his control (collectively, "Stanford"). The facts associated with Stanford's scheme are well-publicized, and will not be recounted in great detail here. In essence, Stanford's scheme entailed the sale of fraudulent certificates of deposit ("CDs") through Stanford International Bank Limited ("SIBL"), an offshore bank based in Antigua. Stanford misrepresented to investors the nature of the investments he and his entities were making with CD proceeds. While CD purchasers believed their money was

ORDER – PAGE 1

being invested in liquid, secure investments, in reality Stanford was using CD proceeds to invest in speculative, risky ventures, as well as to finance his own extravagant lifestyle.

The Receiver alleges Pi played a role in the perpetuation and success of Stanford's scheme through his employment as Managing Director of Merchant Banking for Stanford Group Company ("SGC"). Second Am. Compl. ¶ 30 ("SAC"). The Receiver alleges that in his capacity as Managing Director, Pi ignored numerous red flags regarding the true nature of Stanford's business and took actions that allowed Stanford's fraud to flourish. The Receiver brought this lawsuit against Pi, alleging that in carrying out these actions on behalf of Stanford, Pi breached his fiduciary duties to the Stanford entities. Pi moved for leave to assert a counterclaim, and the Court denied his motion. Order, Nov. 10, 2015 [46]. Pi now moves to dismiss the Receiver's Second Amended Complaint and for reconsideration, or in the alternative, permission to seek an interlocutory appeal of the Court's Order denying him leave to assert a counterclaim.

## II.  THE COURT DENIES PI'S MOTION TO DISMISS

Pi challenges the Receiver's complaint, arguing that (1) the Receiver lacks standing to assert his claim, (2) the Receiver fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), and (3) the Receiver's allegations do not satisfy Federal Rule of Civil Procedure 9(b). The Court addresses each argument in turn.

### A.  *The Receiver Has Standing to Assert His Claim*

The Receiver "has standing to assert the claims . . . of the entities in receivership." *Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185, 190, 192–93 (5th

Cir. 2013). "The Court has previously held that the Receiver may allege . . . an 'increased liability' theory of damages." Order Den. Mot. to Dismiss 7 n. 3, Feb. 19, 2015 [18], *in Janvey v. Maldonado*, Civil Action No. 3:14-CV-2826-N (N.D. Tex. filed Aug. 6, 2014). Here, the Receiver asserts that Pi's actions harmed SGC and SIB by increasing their liability. SAC ¶¶ 70, 74–75. This assertion is sufficient to establish the Receiver's standing to bring his breach of fiduciary duty claim.

Pi contends that the facts here do not fit under the rubric of increased liability damages, but rather are more akin to a mere prolonging of the Stanford entities' inevitable liquidation. Mot. to Dismiss 8–9 [52]. Pi further argues that such harm is more accurately understood as an injury to the Stanford entities' creditors rather than to the entities themselves. *Id.* However, the actual harm Pi allegedly caused here is the additional liability the Stanford entities faced as a result of his conduct. Because this injury is distinct from the injury to the Stanford entities' creditors from any delay in liquidation, the Receiver is asserting a claim of a receivership entity. The Court has previously rejected challenges to the Receiver's standing to assert similar claims. *See* Order 5, June 20, 2015 [25] *in Janvey v. Amadio*, Civil Action No. 3:14-CV-03560-N (N.D. Tex. filed Oct. 1, 2014). Because the Receiver has alleged injury to the Stanford entities, not merely the creditors, he has standing to bring this claim.

### B. The Receiver States a Plausible Claim for Breach of Fiduciary Duty

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*,

42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

To state a claim for breach of fiduciary duty, a plaintiff must allege "(1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (quoting *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App. – Dallas 2006, pet. denied)). Here, the Receiver alleges sufficient facts to support each element of a breach of fiduciary duty claim. Because the facts in the complaint support the reasonable inference

ORDER – PAGE 4

that Pi is liable for the misconduct alleged, the Court will not dismiss for failure to state a claim.

***1. The Receiver Alleges the Existence of a Fiduciary Relationship.*** – The Receiver adequately alleges that Pi owed fiduciary duties to SGC and SIBL. A fiduciary relationship exists between a company and its officers and directors, *see Ritchie v. Rupe*, 443 S.W.3d 856, 868 (Tex. 2014); between agents and principals, *see Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 200 (Tex. 2002); and between parties that have a relationship of trust and confidence, *see Navigant Consulting*, 508 F.3d at 283. The Receiver alleges, and Pi does not contest, that Pi, as Managing Director of Merchant Banking, was SGC's employee. SAC ¶ 69. The Receiver also alleges that Pi led SGC's "management, administration, monitoring, and oversight of certain investments held by SIB[L]" and acted for SIBL as "the party charged with managing SIB[L]'s investments handled by SGC." *Id.* ¶¶ 69–70. As this Court has recognized in previous orders, "[w]hether and to what extent an employee owed his employer fiduciary duties is in large measure a question of fact." Order 10–11, June 24, 2015 [99], *in Janvey v. Alvarado*, Civil Action No. 3:10-CV-2584-N (N.D. Tex. filed Dec. 17, 2010) (the "Alvarado Order") (citing *Seven Seas Petroleum, Inc. v. CIBC World Mkts., Corp.*, 2010 WL 2277489, at *6 (S.D. Tex. 2010); *Cleveland Constr. Inc. v. Centex Constr. Co., Inc.*, 2004 WL 594093, at *1 (N.D. Tex. 2004) ("Under Texas law, however, whether a relationship giving rise to a fiduciary duty exists is a question of fact.")).

These facts, if proven, could plausibly support the inference that Pi owed fiduciary duties as a de facto officer of SGC, as an employee of SGC, as an agent of SGC and SIBL,

and as one with a relationship of trust and confidence with the Stanford entities. *See Cleveland Constr., Inc.*, 2004 WL 594093, at *1 ("Accordingly, it is possible that [plaintiff] could prove facts within the scope of the complaint that would show the existence of a fiduciary duty."). The Court therefore declines to dismiss for failure to allege the existence of a fiduciary duty.

**2. The Receiver Alleges that Pi Breached His Fiduciary Duties.** – Fiduciaries owe duties of care and loyalty. *See Resolution Trust Corp. v. Acton*, 844 F. Supp. 307, 315 (N.D. Tex. 1994) (providing that corporate fiduciaries breach the duty of care by committing acts of gross negligence); *In re Chavez*, 140 B.R. 413, 424 (Bankr. W.D. Tex. 1992) (collecting Texas cases and noting that in Texas a director may breach the duty of loyalty by engaging in or promoting acts detrimental to the corporation or by personally seizing an opportunity from which the corporation could have profited) (internal citations omitted).

The Receiver alleges sufficient facts to support the inference that Pi breached his duty of care and duty of loyalty. Specifically, the Receiver alleges that Pi was in charge of the group that "invested more than $600 million in speculative investments and illiquid private equity holdings" despite Pi's awareness that such investments were inconsistent with "SIB[L]'s stated investment philosophy as advertised to prospective investors." SAC ¶¶ 69–70. These allegations, and others contained in the Second Amended Complaint, support the reasonable inference that Pi was on notice of multiple red flags concerning Stanford's fraudulent scheme and nevertheless continued to provide material assistance. Accordingly, the Receiver has adequately pled that Pi acted with gross negligence and

breached the duty of care. The Receiver also adequately alleges that Pi breached his duty of loyalty by stating facts that support the inference that Pi profited personally from transactions undertaken on the Stanford entities' behalf and that Pi deprived the entities of the benefit of those transactions. SAC ¶ 76.

*3. The Receiver Alleges Pi's Breach Injured SGC and the Stanford Entities.* – The Receiver's complaint contains adequate factual allegations to support the inference that Pi's breach injured the entities to which he owed fiduciary duties. The Court has in similar circumstances declined to engage in a detailed causation analysis, determining such an inquiry is more appropriately undertaken on a motion for summary judgment. *See, e.g.*, Alvarado Order at 6 (citing *Millhouse v. Wiesenthal*, 775 S.W.2d 626, 627 (Tex. 1989)). The Court holds the same here. The Receiver has alleged that Pi's work furthered the Stanford Ponzi scheme by allowing the scheme to continue unabated, permitting the Stanford entities to incur increased liability while remaining under Allen Stanford's control. At the motion to dismiss stage, this adequately connects Pi's alleged conduct to the injury incurred by the Receivership estate.

### C. Rule 9(b) Does Not Apply

Pi also contends that the Receiver's claims are subject to Rule 9(b)'s heightened pleading standard. Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[b]y its clear terms, Rule 9(b) applies only to averments of fraud or mistake, not to averments of negligence, breach of fiduciary duty or non-fraudulent misstatement." *Tigue*

ORDER – PAGE 7

*Inv. Co., Ltd. v. Chase Bank of Tex., N.A.*, 2004 WL 3170789, at *2 (N.D. Tex. 2004). Rule 9(b) may also apply "when fraudulent conduct is alleged to underlie a claim for which fraud is a possible – but not a necessary – element. In such cases, particularity is only required to the extent that a plaintiff in fact alleges fraud." *Id.* at *2.

The Receiver does not allege Pi himself engaged in fraud. Rather, the Receiver alleges Pi breached his fiduciary duty by providing assistance to a company that was actually perpetrating a fraudulent scheme. Thus, while the Stanford fraud provides a factual backdrop to the Receiver's claims in this action, its proof is not a necessary element. Accordingly, the Court declines to subject the Receiver's claims to Rule 9(b)'s heightened pleading standard.

### III. THE COURT DENIES PI'S MOTION TO RECONSIDER

Pi also seeks reconsideration of the Court's previous decision to deny his motion for leave to file counterclaim. Federal Rule of Civil Procedure 54(b) empowers the Court to reconsider any order issued before judgment is entered. Fed. R. Civ. P. 54(b) ("any order . . . that adjudicates fewer than all the claims . . . of fewer than all the parties . . . may be revised at any time before the entry of a judgment[.]"); *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010) ("when a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'") (quoting *Lavesepere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1994) (*abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir. 1994) (en banc))).

For prudential reasons, courts in this district and elsewhere have considered factors similar to those that courts would consider under the more rigorous standard of a motion to alter a judgment under Federal Rule of Civil Procedure 59(e).[1] *Dos Santos v. Bell Helicopter Textron Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (noting cases in which district courts considered for purposes of a Rule 54(b) motion "whether the movant [was] attempting to rehash its previously made arguments or [was] attempting to raise an argument for the first time without justification"). However, "[a]lthough the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Id.*

Pi contends that the Court committed a "manifest legal error" by denying him leave to assert a counterclaim against the Receiver. The Court previously held that the proposed counterclaim was impermissible based on the Receiver's judicial immunity and his authority to reject executory contracts. Order 2, Nov. 10, 2015 [46]. Pi argues, as he did in his initial motion, that judicial immunity does not apply here because he is seeking to assert a counterclaim against SIBL rather than the Receiver in his role as the Court's agent, and that the Receiver was not empowered to reject this contract. However, the Court has rejected these arguments in this and other cases. *See* Order 2–4, Nov. 14, 2011 [14], *in Janvey v. Golf*

---

[1] Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment after its entry when there is newly discovered evidence or a manifest error of law or fact. Fed. R. Civ. P. 59(e); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) ("[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before judgment issued.'") (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

*Channel, Inc.*, Civil Action No. 3:11-CV-0294-N (N.D. Tex. filed Feb. 15, 2011). The Court is not persuaded that this motion requires a different result.[2] Accordingly, the Court denies the motion to reconsider.

### IV. THE COURT DENIES PI'S MOTION TO CERTIFY FOR INTERLOCUTORY REVIEW

Absent reconsideration, Pi seeks permission to file an interlocutory appeal of the Court's denial of leave to assert his counterclaim. Because the Court finds that immediate appellate review of this issue would delay rather than "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), the Court denies the motion to certify for interlocutory appeal.

### CONCLUSION

The Court denies Pi's motion to dismiss and denies Pi's motion to reconsider, or in the alternative, for certification of interlocutory appeal.

Signed February 24, 2016.

_____
David C. Godbey
United States District Judge

---

[2] The proper avenue for asserting a claim against a receivership entity – like SIBL – is through the Receiver's claims process rather than through a litigation counterclaim against the Receiver. This ruling does not prevent Pi from asserting a receivership claim that the claims process would otherwise permit.